UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| SAFE AIR FOR EVERYONE, ALEX H., by and through her parents and guardians, CINDY MILLER, HELEN WOOTTON, MARY LANG, JIM PRALL, GLENNA GARRISON, DORIS YODER, MIKE DARRAR, DEBRA STRAHM, and EDWARD BOWERS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>STATE OF IDAHO, and the IDAHO STATE DEPARTMENT OF AGRICULTURE, a state agency,<br><br>　　　　　　　　　　Defendants. | Case No. CV06-68-EJL<br><br>MEMORANDUM ORDER |

Pending before the Court in the above-entitled matter is Plaintiffs' motion for temporary restraining order and motion for preliminary injunction, filed on May 25, 2006. (Dkt. No. 23). The Defendants were electronically served with a copy of the motion on the same date. Defendants have filed a motion to dismiss.

**Background**

The Plaintiffs have filed this class action complaint against the Defendants, State of Idaho and the Idaho State Department of Agriculture, seeking to curb or end the practice of field burning in northern Idaho. The complaint alleges violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). (Dkt. No. 11). The first cause of action for violations of the ADA alleges Defendants have discriminated against Plaintiffs by "refusing reasonable accommodations to Plaintiffs and putative Class members as disabled individuals through their failure to consider and/or

MEMORANDUM ORDER - 1

determine alternatives or modifications that would eliminate or restrict agricultural burning in the State of Idaho" and by failing "to enact a more restrictive agricultural burning policy by...adopting alternative methods to field burning" and thereby excluding, denying services, segregating and otherwise treating Plaintiffs and Class members differently than other individuals. (Dkt. No. 1, p. 46). The second cause of action for violations of the RA alleges Defendants "have subjected Plaintiffs to discrimination under a program receiving federal financial assistance solely on the basis of their handicaps" resulting in damages and loss of civil liberties. As a result, the parties have filed the instant motions. The Court considers here only Plaintiffs' motion for temporary restraining order. (Dkt. Nos. 23). The motion for preliminary injunction and motion to dismiss are under advisement.

## Standard of Law

Temporary restraining orders are governed by Federal Rule of Civil Procedure 65(b) which requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition...." Under Rule 65(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order and preliminary injunction only where he or she can "*demonstrate* immediate threatened injury." See, e.g., Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original). Plaintiffs' motion seeks to preclude Defendants from allowing farmers to burn grass seed and wheat stubble fields in 2006 based on alleged violations of two federal statues. The immediate and

irreparable injury alleged is that allowing said burning will cause "great harm to the health and well being of Plaintiffs and putative class members, the most vulnerable members of society...." (Dkt. No. 23).  The motion is supported by declarations of several of the class participants, scientists, and doctors.  (Dkt. Nos. 23-28).

Here, Plaintiffs fail to make the requisite showing to warrant granting a temporary restraining order.  The Court cannot conclude, at this point, that the Plaintiffs will suffer an immediate and irreparable loss or damage without a temporary restraining order being issued before the adverse party can be heard in opposition.  The Court likewise cannot conclude that Plaintiffs are likely to succeed on the merits of their claim.  See Save Our Summers v. Washington State Dep't of Ecology, CS-99-0269-RHW (E.D. Wash.) (Order Denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction *Inter Alia*, Oct. 8, 1999) (citing International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir. 1993) (a party seeking temporary restraining order or preliminary injunction must establish a likelihood of success on the merits).  Plaintiffs are challenging the State of Idaho's decision to allow field burning without providing reasonable accommodations for the disabled and the discriminatory effect of the administrative process allowing burning upon disabled persons.  Generally, statutes are presumed to be valid and the party challenging those statutes bear the burden of proof.  See Moon v. North Idaho Farmers Assn., 96 P.3d 637, 646 (Idaho 2004) (citing O'Gorman & Young v. Hartford Fire Ins. Co., 282 U.S. 251, 258 (1931) (recognizing "the presumption of constitutionality" of a statute prevails in the absence of facts contravening the legislative findings upon which the statute was enacted)).  The Idaho State Legislature, the Ninth

Circuit, and this Court have all previously recognized that the practice of burning crop residue is beneficial in that the burning: extends the productive life of the fields, restores minerals and fertilizers to the fields, controls disease, weeds, and pests, and enhances crop rotation.  See SAFE v. Meyer, 373 F.3d 1035, 1043 (9th Cir. 2004) and Idaho Code § 22-4801.  As such, irreparable injury will likely be incurred by the farmers who would suffer economic losses and the loss of a season of field management in terms of controlling disease, weeds, and pests.  See Save Our Summers v. Washington State Dept. of Ecology, 132 F.Supp.2d 896, 899-900 (E.D. Wash. 1999) ("In deciding whether to grant temporary relief, the court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.").[1]  In sum, granting the temporary restraining order would in effect give Plaintiffs the complete relief sought in this suit without the Court having ruled on the merits of such relief.  Additionally, Plaintiffs' claims for relief did not arise unexpectedly.  Similar claims have been argued previously in past years and any hardship arising from a delay in bringing this lawsuit should fall on the Plaintiffs.  Accordingly, the Court will deny the motion for a temporary restraining order and direct the parties to submit their responsive briefing on the motion for preliminary injunction at which time the Court will consider that motion and determine if a hearing is necessary.

---

[1] Although the farmers are not the named Defendants in this action, the Court finds the impact on the farmers relevant to its determination regarding the motion for a temporary restraining order.

MEMORANDUM ORDER - 4

**ORDER**

Based on the foregoing, the Court being fully advised in the premises it is **HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order is (Docket No. 23) is **DENIED**.  The Court will take the Motion for Preliminary Injunction (Docket No. 23) **UNDER ADVISEMENT** and **ORDERS** Defendants to filed their response brief on or before **June 19, 2006**.  Any reply brief is due on or before **July 7, 2006**.  **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Docket No. 14) is **UNDER ADVISEMENT**.  After reviewing the briefing on these motions, the Court will determine whether a hearing date is necessary.



DATED:  **June 6, 2006**

_____
Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 5