UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| SAFE AIR FOR EVERYONE, ALEX H., by and through her parents and guardians, CINDY MILLER, HELEN WOOTTON, MARY LANG, JIM PRALL, GLENNA GARRISON, DORIS YODER, MIKE DARRAR, DEBRA STRAHM, and EDWARD BOWERS, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) ) | Case No. CV06-68-EJL  MEMORANDUM ORDER |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| STATE OF IDAHO, and the IDAHO STATE DEPARTMENT OF AGRICULTURE, a state agency, | ) ) ) | |
| Defendants. | ) | |

Pending before the Court in the above-entitled matter is the Plaintiffs' motion for preliminary injunction seeking to restrain the Defendants from authorizing farmers to burn grass seed and wheat stubble fields in 2006.  Defendants oppose the motion on several grounds and have filed a motion to dismiss, which is also pending before the Court.  Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.  Local Rule 7.1(d)(2).

MEMORANDUM ORDER - 1

**Factual and Procedural Background**

Plaintiffs are Safe Air For Everyone ("SAFE"), a private foundation located in Sandpoint, Idaho, and several named individuals who reside in north Idaho.[1] Defendants are the State of Idaho and the Idaho Department of Agriculture ("ISDA").[2] The claims raised here relate to the burning of fields and wheat stubble in central and northern Idaho by farmers which generally takes place during the months of August, September, and October. The burning generates smoke which Plaintiffs allege creates health hazards upon the citizens of neighboring communities and, in particular, those individuals with certain medical conditions such as the Plaintiffs. The State of Idaho has prescribed a regulatory scheme whereby the ISDA issues permits for such burning entitled the Idaho Smoke Management and Crop Residue Disposal Act ("SMCRDA"), Idaho Code § 22-4801, *et seq*.. The complaint here raises two claims based on 1) the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12131, *et seq*., and 2) the Rehabilitation Act ("RA") 29 U.S.C. § 794, *et seq*.. Under the ADA Plaintiffs allege the Defendants have discriminated against Plaintiffs by "refusing reasonable accommodations to Plaintiffs and putative Class members as disabled individuals through their failure to consider and/or determine alternatives or modifications that would eliminate or restrict agricultural burning in the State of Idaho. Defendants' intentional disregard of Plaintiffs' rights under the ADA and failure to accommodate them has caused Plaintiffs to be segregated

---

[1] The class of Plaintiffs are minor children and adults with either a medically diagnosed airwave disease, cystic fibrosis, or chronic heart disease who live in the class area.

[2] The Defendants will collectively be referred to as "the State."

from the rest of the community and has precluded Plaintiffs from enjoying all rights, privileges and accommodations available to all other citizens of Idaho."  (Dkt. No. 1, ¶ 123).   Under the RA,  Plaintiffs' allege the "Defendants have subjected plaintiffs to discrimination under a program receiving federal financial assistance solely on the basis of their handicaps...."  (Dkt. No. 1, ¶ 129).   Plaintiffs filed a motion for temporary restraining order and preliminary injunction.  In response, Defendants filed their motion to dismiss.  The Court denied the motion for a temporary restraining order (Dkt. No. 29) and directed the parties to submit briefing on the motion for preliminary injunction; taking both the motion for preliminary injunction and motion to dismiss under advisement.   The motions have been fully briefed and are now ripe for the Court's consideration.

### Standard of Review

A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment.  Textile Unlimited, Inc. v. A..BMH Co., Inc., 240 F.3d 781 (9th Cir. 2001) (citing Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).  Dollar Rent a Car v. Travelers Indem., 774 F.2d 1371, 1374 (9th Cir. 1985) (citation omitted).  More recently, the Ninth Circuit has developed an alternative test for granting a preliminary injunction which requires the court to balance the movant's likelihood of success on the

MEMORANDUM ORDER - 3

merits against the relative hardship to the parties. See Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999); Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1118 (9th Cir. 1999). Thus, in this circuit a party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of the hardships tips in its favor. Textile Unlimited, Inc. v. A..BMH Co., Inc., 240 F.3d 781 (9th Cir. 2001); see also Tillamook County v. United States Army Corps of Engineers, 288 F.3d 1140, 1142 (9th Cir. 2002). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Id. Regardless of the criteria employed, whenever the public interest is involved, it must be a necessary factor in the Court's consideration of whether to grant preliminary injunctive relief. Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

**Analysis**

I.    Preliminary Injunction:

To establish a violation of Title II of the ADA, the Plaintiffs must show that (1) they are qualified individuals with a disability; (2) they were excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002) (citation omitted). To establish a violation of § 504 of the RA, the Plaintiffs must show that (1) they are handicapped within the meaning of the RA; (2) they are otherwise qualified for the benefit or services sought; (3) they were denied the benefit or services solely by reason of their handicap;

MEMORANDUM ORDER - 4

and (4) the program providing the benefit or services receives federal financial assistance.  Id.  Congress intended for the ADA and the RA to be interpreted consistent with each other and that both statutes were promulgated to eliminate discrimination against individuals with disabilities both in the form of intentional discrimination and disparate impact cases of discrimination.  See Crowder v. Kitagawa, 81 F.3d 1480, 1483, 1484 (9th Cir. 1996).

The Plaintiffs' claims here are similar to those raised in a previous case before this Court; Save Our Summers, et al. vs. State of Idaho, et al., CV00-430-N-EJL (D. Idaho 2000) ("SOS").  In that case, Plaintiffs were individuals who alleged violations of the ADA and RA as a result of the State's allowance of unrestricted agricultural burning and refusal to enact a more restrictive agricultural burning policy and the State's failure to make reasonable accommodations to disabled individuals and by failing to determine alternatives which would reasonably restrict agricultural burning in Idaho.  The case now before the Court is a class action alleging violations of the ADA and RA arguing that the State has refused to make reasonable modifications/accommodations for disabled individuals by its failure to prohibit or otherwise modify field burning and by immunizing those who burn from legal action.  (Dkt. No. 1).  In particular, Plaintiffs assert the ISDA allows agricultural burning without considering alternatives, without considering the discriminatory impact upon disabled individuals, and without complying with the protocols of the State's SMCRDA.

Having reviewed the motion, the parties' briefing, and the record herein, the Court concludes that the Plaintiffs' request for a preliminary injunction should be denied.  First, Plaintiffs are unlikely to succeed on the merits of their claims.  There are serious

MEMORANDUM ORDER - 5

legal and factual questions which Plaintiffs must overcome in order to prevail including whether Plaintiffs can prove discrimination and/or a denial of public services.  As Defendants have argued on this motion and in their motion to dismiss, it is unclear whether Plaintiffs' claims of discrimination are legally viable.  Further, the relief sought by Plaintiffs may be unavailable.  As we previously determined in SOS, the injunctive relief those plaintiffs sought was likely prevented by the CAA.  In that decision this Court adopted Judge Whaley's analysis on the question in Save Our Summers, 132 F.Supp.2d 896, 911-913 (E.D. Wash. 2000).  See SOS, CV00-230-N-EJL, p. 10-13.  The primary remedy sought in this case, however, is that the State be required to make reasonable modifications to the field burning policy which accommodate disabled citizens like the Plaintiffs.  (Dkt. No. 1).  To the extent the Plaintiffs are not seeking specific injunctive relief that would preclude burning or permit issuance but only reasonable modification of the same, the comprehensiveness of the CAA may not entirely preclude the Plaintiffs' requested relief under the ADA and RA.  Those statutes guarantee disabled individuals the right to be free from discrimination such that they are given equal access to public services.  The statutes do not, however, create a substantive right to special accommodations for disabled individuals but, instead, seek to protect the disabled where refusal to provide reasonable accommodations for their needs amounts to discrimination.  See Alexander v. Choate, 469 U.S. 287 (1985); Lane, 541 U.S. at 531. In such instances, accommodation or modification of public services is warranted where the change is reasonable and does not result in a fundamental alteration of nature the

MEMORANDUM ORDER - 6

service provided. Lane, 541 U.S. at 531.[3] The Court has the duty to harmonize these various statutes to the extent possible but that can only be done after the issues of fact are resolved and the Court can determine that no conflict exists as a matter of law.

"The preliminary injunction analysis does not end with a review of the possible merits of Plaintiffs' claim. We must turn next to the potential for irreparable harm and to the balance of hardships that will result from a denial of Plaintiffs' motion. The smaller the probability of a plaintiff's success, the greater must be the showing of irreparable harm." Preminger v. Principi, 422 F.3d 815, 826 (9th Cir. 2005) (citations omitted). "Because the...Plaintiffs did not show a probability of success on the merits, to prevail on their motion they had to show significant irreparable harm." Id. Here, Plaintiffs set forth conclusory statements from area citizens and local physicians which generally describe the impact of the smoke upon certain members of the impacted area. The allegations and affidavits assert that the affected persons suffer from differing levels of breathing and health issues during certain times within the burning season which results in various impacts on their daily lives including having to stay indoors, additional visits to the doctors, missing school or work, and being unable to visit public parks and similar outdoor venues. Noticeably absent from the allegations are specifics as to when, how often, and to what extent the Plaintiffs suffered these impacts. The cases cited in the initial briefing generally involve cases where it was established that there was a history

---

[3] The Court recognizes that the burden is upon the Defendants to prove the proposed modification or accommodation is a fundamental alteration of the nature of the public service. In denying the preliminary injunction here the Court has not shifted this burden to the Plaintiffs to prove the that the requested modification is also not a fundamental alteration.

or pattern of discrimination that was ongoing and continuous and involved the deprivation of established constitutional rights such as the right of access to the courts. Upon the documentation provided here, the Court cannot determine the extent of the alleged harm beyond the generalized acknowledgment that there exist some impact upon Plaintiffs when burning is allowed.  Thus, while the affidavits indicate that there exists the possibility of irreparable harm, they do not provide evidence of irreparable harm significant enough to overcome the dim likelihood of success on the merits.

Finally, the Court has considered the public's interest in this case as it involves constitutional claims.  See Preminger, 422 F.3d at 826 (citation omitted) ("Generally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.")  "The public interest inquiry primarily addresses [the] impact on non-parties rather than parties."  Id.  Here, the public's interest does not tip the scale in favor of either party.  While the public clearly has an interest in preserving constitutional guarantees and ensuring the health of the citizens, the public similarly has an interest in the legislative process for enacting laws and in allowing field burning.  Under the CAA, Congress left to each State the discretion and the power to govern how the national air quality standards would be met within its own boundaries and these standards are designed to protect sensitive populations but not the most sensitive within a population.  See Union Elec. Co. v. E.P.A., 427 U.S. 246, 269 (1976); Train v. Natural Resources Defense Council, Inc., 421 U.S. 60, 79 (1975).  To that end, the Idaho Legislature has confronted the question of field burning and, after much consideration, has decided to allow burning in Idaho in the manner prescribed by the SMCRDA.  Thus, the public's interests weigh on both the

MEMORANDUM ORDER - 8

public health concerns and the public policy concerns.  Because the State has addressed these concerns in greater depth and with more information than this Court currently has before it on this preliminary injunction motion, it seems that the public's interests, if not neutral, weigh more heavily in favor of allowing the smoke management program to continue.

Because the Plaintiffs have not demonstrated a likelihood of success on the merits and the harm alleged does not overcome the lack of a likelihood of success, the Court denies Plaintiffs' motion for preliminary injunction.

II.     Motion to Dismiss:

Defendants have also filed a motion to dismiss which is ripe for the Court's consideration.  Having reviewed the motion and the parties briefing, the Court directs the parties to file additional briefing on the specific issue of whether Congress abrogated the State's immunity pursuant to a valid grant of constitutional authority.  Specifically, the Court instructs the parties to address the ramifications of the United States Supreme Court's opinions in United States v. Georgia, 126 S.Ct. 877, 879 (2006) and Tennessee v. Lane, 541 U.S. 509, 520  (2004).  These cases appear to employ an analysis for determining whether Congress has constitutionally exercised its power in abrogating the State's sovereign immunity.  The parties here touched upon this analysis in their briefing but the Court seeks a more thorough discussion of this analysis and, in particular, how it applies to the facts of this case.  Accordingly, the Court orders the parties to submit simultaneous briefing on this issue.  Such briefing shall be no more than fifteen pages and shall be filed on or before September 4, 2006.  The parties will be allowed to then respond to the opposing parties' briefing in no more than ten pages and file such response

MEMORANDUM ORDER - 9

on or before September 18, 2006.  The Court will then hear oral argument from the parties on this specific issue of abrogation of immunity on September 28, 2006 at 9:30 a.m. in Boise, Idaho.  Each side will be limited to thirty (30) minutes to argue the issue. After which time the Court will render its decision on the motion to dismiss.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court HEREBY ORDERS as follows:

1)      Plaintiffs' Motion for Preliminary Injunction is (Dkt. No. 23) **DENIED**.

2)      Defendants' Motion to Dismiss (Dkt. No. 14) is **UNDER ADVISEMENT**.  The parties are directed to file their briefing regarding the abrogation of immunity question, of no more than fifteen pages, on or before **September 4, 2006**.  Responsive briefing, of no more than ten pages, shall be filed no later than **September 18, 2006**.  Oral argument will be held on **September 28, 2006 at 9:30 a.m. in Boise, Idaho**.

DATED:  **August 18, 2006**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 10